Russell S. Thompson IV (029098)
Ryan Pittman (032643)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Dees, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Kemper & Associates, LLC and Wilton K. | ) |
| Caver, | ) |
| | ) |
| Defendants. | ) |

## NATURE OF ACTION

1.  Plaintiff David Dees ("Plaintiff") brings this action against Kemper & Associates, LLC ("Kemper") and Wilton K. Caver ("Caver") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See Id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

8. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

9. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

10. "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primacy enforcement tool of the Act.'" *Id.* (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

11. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000).

## PARTIES

12. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Caver is an individual and manager at Kemper, who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15. Upon information and belief, Caver, at all relevant times, was personally involved in the collection of the debt at issue.

16. Upon information and belief, Caver, at all relevant times, materially participated in Kemper's debt collection activities – through direct management of Kemper, by occupying positions of critical importance to Kemper, or otherwise.

17. Upon information and belief, Caver, at all relevant times, exercised control over the affairs of Kemper.

18. Upon information and belief, Caver, at all relevant times, played a significant role in designing and implementing Kemper's debt collection policy and procedure.

19. Caver is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20. Kemper is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

21. Kemper is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

22. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendants.

23. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal consumer loan (the "Debt").

24. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

25. On January 5, 2017, Defendants began placing calls to Plaintiff's work number.

26. On January 5, 2017, Defendants left a voicemail on Plaintiff's work answering machine which stated:

> Hi this is Erin with Kemper and Associates trying to reach David Dees in reference to a possible legal matter with reference number 23045, you can either refer to that or your social. Trying to call you to resolve an easily resolvable situation isn't it. Phone number again is 678-648-4116.

27. Defendants' January 5, 2017 voicemail was its initial communication in an attempt to collect the Debt.

28. Defendants failed to inform Plaintiff that the call was made by a debt collector and that any information obtained would be used for the purpose of debt collection.

29. Defendants continued to place calls to Plaintiff's work number.

30. When Plaintiff answered one of the calls, he informed Defendants' representative that she was calling his work number and instructed her not to call his work number again.

31. Despite Plaintiff's instructions, Defendants continued to place calls to Plaintiff's work number.

32. Plaintiff got upset that Defendants would not stop placing calls to his work number and yelled at Defendants' representative.

33. Defendants' representative responded by calling one of Plaintiff's superiors, requesting to file a complaint and putting Plaintiff's workplace on notice of the personal matter.

34. Defendants also began placing calls to Plaintiff's wireless phone number.

35. Defendants' representative stated that she was calling about a loan that Plaintiff took out in 2010.

36. Plaintiff has looked through his records and is unaware of any outstanding loans that Defendants would be attempting to collect.

37. Therefore, upon information and belief, Plaintiff does not owe the Debt.

38. Despite initially informing Plaintiff of the Debt on or around January 5, 2017, Defendants have yet to send a written notice containing the information required by the FDCPA within five days of the initial communication with a consumer.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(3)

39. Plaintiff repeats and re-alleges each factual allegation contained above.

40. Defendants violated 15 U.S.C. § 1692c(a)(3) by repeatedly contacting Plaintiff at his or her place of employment after being informed that such calls were inconvenient to Plaintiff and that Plaintiff did not want Defendants to place any further calls to his office number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692c(a)(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d

41. Plaintiff repeats and re-alleges each factual allegation contained above.

42. Among the protections in the FDCPA is the general prohibition against "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

43. "Violations of § 1692d involve 'tactics intended to embarrass, upset, or frighten a debtor.'" *Hoover v. Monarch Recovery Mgt., Inc.*, 888 F. Supp. 2d 589, 596 (E.D. Pa. 2012) (quoting *Donatelli v. Warmbrodt,* 2011 WL 2580442, at *9 (W.D.Pa. June 28, 2011)).

44. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt, including by calling Plaintiff's superior and filing a complaint as well as placing calls to his work phone number after he requested Defendants to stop placing those calls.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated 15 U.S.C. § 1692d;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d(5)

45. Plaintiff repeats and re-alleges each factual allegation contained above.

46. Defendants violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692d(6)

47. Plaintiff repeats and re-alleges each factual allegation contained above.

48. Defendants violated 15 U.S.C. § 1692d(6) by placing telephone calls to Plaintiff's number without meaningful disclosure of the caller's identity, including, that the caller was a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692d(5);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

49. Plaintiff repeats and re-alleges each factual allegation contained above.

50. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts, including the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

51. The plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA.

52. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt, including by attempting to collect the Debt from Plaintiff which he does not, in fact, owe.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(11)

53. Plaintiff repeats and re-alleges each factual allegation contained above.

54. "The statute provides a non-exhaustive list of conduct that is a violation of § 1692e, including: 'The failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.'" *Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1106 (W.D. Wash. 2012) (citing 15 U.S.C. § 1692e(11)).

55. Defendants violated 15 U.S.C. § 1692e(11) by failing to disclose in its initial communication with Plaintiff that the communication was an attempt to collect a debt and that any information obtained would be used for that purpose in its January 5, 2017 voicemail.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT VII**
**VIOLATION OF 15 U.S.C. § 1692g(a)**

56. Plaintiff repeats and re-alleges each factual allegation contained above.

57. Another key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

58. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

59. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

60. Defendants violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

61. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 23, 2017

Respectfully submitted,

s/ Russell S. Thompson IV
Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com

s/ Ryan Pittman
Ryan Pittman (032643)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 899- 9183
Facsimile: (866) 317-2674
rpittman@consumerlawinfo.com

Attorneys for Plaintiff